F.#2018R01050
CCC:MEM

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 2 0 2018 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – X

IN THE MATTER OF AN APPLICATION
FOR SEARCH WARRANTS FOR:

THE PREMISES KNOWN AND DESCRIBED
AS:

A BLACK APPLE I-PHONE WITH CLEAR
PLASTIC COVER ("DEVICE #1");

A SILVER APPLE I-PHONE WITH GOLD NEO
HYBRID COVER, FCC ID #: BCG-
E2642AIC:579C-E2642B ("DEVICE #2"); AND

A BLACK VERIZON SAMSUNG FLIP PHONE,
FCC ID # A3LSMB311V ("DEVICE #3"),
(COLLECTIVELY, THE "SUBJECT
TELEPHONES").

– – – – – – – – – – – – – – – – – – X

AFFIDAVIT IN
SUPPORT OF
SEARCH WARRANTS

(Fed. R. Crim. P. 41)

MJ 18- 565

EASTERN DISTRICT OF NEW YORK, SS:

       MICHELLE L. GROFF, being duly sworn, deposes and states that she is a

Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to

law and acting as such. Upon information and belief, there is probable cause to believe that

there is located in the PREMISES KNOWN AND DESCRIBED AS: A BLACK APPLE I-

PHONE WITH CLEAR PLASTIC COVER ("DEVICE #1"); A SILVER APPLE I-PHONE

WITH GOLD NEO HYBRID COVER, FCC ID #: BCG-E2642AIC:579C-E2642B

("DEVICE #2"); AND A BLACK VERIZON SAMSUNG FLIP PHONE, FCC ID #

A3LSMB311V ("DEVICE #3"), (COLLECTIVELY, THE "SUBJECT TELEPHONES"),

further described in Attachments A through C, the things described in Attachments D

through F, which constitute evidence, fruits and instrumentalities of a narcotics trafficking

conspiracy and use of firearms in connection with a drug trafficking crime, in violation of

Title 21, United States Code, Sections 841(b)(1)(A)(i) and 846, and Title 18, United States

Code, Section 924(c)(1)(A)(i), respectively.

   The source of your deponent's information and the grounds for her belief are

as follows:[1]

   1.  I have been a Special Agent with the FBI since 2016.  Prior to being

employed with the FBI, I was an Assistant District Attorney with the Cape & Islands District

Attorney's Office (the "CIDAO") in the state of Massachusetts for nine years.  During my

tenure with the FBI and the CIDAO, I have investigated various federal and state criminal

violations including narcotics trafficking.  During the course of those investigations, I have

conducted physical surveillance, monitored undercover operations, debriefed cooperating

witnesses and confidential informants, monitored wiretaps, conducted controlled narcotics

purchase and interviewed civilian witnesses.  The information set forth below is based upon

my experience and training as a Special Agent, my review of documents and other

evidentiary items and my discussions with other law enforcement agents.  Unless specifically

indicated, all conversations and statements described in this affidavit are related in substance

and in part only.  Based on my experience, and in light of the information I have learned

---

   [1]  Because this affidavit is submitted for the limited purpose of
establishing probable cause for search warrants, I have not set forth each and every fact
learned during the course of the investigation.

during this investigation, I believe there is probable cause that the SUBJECT TELEPHONES were used to communicate with others concerning a narcotics conspiracy and illegal possession of firearms, and to receive and store electronic information relating to the names, nicknames, telephone numbers and pager numbers of criminal accomplices.

BACKGROUND OF THE INVESTIGATION AND PROBABLE CAUSE

2.     The FBI has been conducting an investigation into the distribution of crack cocaine, heroin and other controlled substances in Coram, New York.  During the course of our investigation of this matter, the FBI has received information that MARK DAVIS ("DAVIS"), also known as "Boots," is distributing controlled substances.

3.     On June 6, 2018, a grand jury sitting in the Eastern District of New York returned a nine-count indictment (the "Indictment") charging that between January 2013 and May 2018, DAVIS conspired to distribute and possess with intent to distribute cocaine base and heroin and used firearms in connection with those drug trafficking crimes (the "Target Offenses").  (A copy of the redacted Indictment is attached as Exhibit #1).  On June 6, 2018, United States Magistrate Judge Gary R. Brown signed a warrant authorizing the arrest of DAVIS.  (A copy of the arrest warrant is attached as Exhibit #2).  Additionally, on June 14, 2018, United States Magistrate Judge Anne Y. Shields signed a prospective cell site warrant (the "Tracking Order") for a phone number associated with DAVIS, specifically, (631) 633-8930, associated with DEVICE #2.

4.     On June 18, 2018, I utilized the data obtained from the Tracking Order to locate DAVIS.  More specifically, I observed DAVIS driving a white Maserati (the

3

"Maserati"), bearing New York State license plate number "JAG7880," in Middle Island, New York.

5.      On June 19, 2018, law enforcement was present outside of the Arthur M. Cromarty Criminal Court Complex, Riverhead, New York (the "Courthouse"). Based on our investigation, DAVIS was scheduled to appear to be sentenced, at the Courthouse, for a New York State felony narcotics conviction. Further, the real-time data from the Tracking Order, showed that DEVICE #2 was traveling toward the Courthouse at approximately 10 a.m. At approximately 10:10 a.m., law enforcement officers observed the Maserati drive into the front of the Courthouse and stop. At approximately 10:12 a.m., DAVIS exited the Maserati from the right front passenger side. At approximately 10:15 a.m., DAVIS was taken into custody by law enforcement officers. Simultaneous to DAVIS being taken into custody, law enforcement officers conducted a car stop of the Maserati in the parking lot area of the Courthouse. When the Maserati was stopped, the sole occupant was a female driver (the "Female"). At the time of the car stop, law enforcement officers asked the Female to exit the Maserati, and further asked for permission to search the Maserati. The Female provided oral and written consent to search the Maserati. Once the Female provided consent to search the Maserati, law enforcement officers recovered the SUBJECT TELEPHONES on top of the center console between the driver and passenger side of the Maserati. Law enforcement officers asked the Female if the SUBJECT TELEPHONES belonged to her, at which time she stated that the SUBJECT TELEPHONES belonged to DAVIS.

6.      On June 19, 2018, law enforcement officers orally advised DAVIS of his Miranda rights. Subsequent to receiving his Miranda warnings, law enforcement officers

4

began to transport DAVIS to the Federal Courthouse located in Central Islip, New York.

Without being asked any questions, DAVIS stated, in sum and substance, "I was selling crack

cocaine, but you guys already know that."

      7.    On June 19, 2018, DAVIS appeared before United States Magistrate

Judge Arlene R. Lindsay for arraignment on the Indictment.  During the arraignment, DAVIS

signed a "United States Department of Justice [,] Federal Bureau of Investigation[,] Receipt

for Property Received/Returned/Released/Seized[,]" which listed the SUBJECT

TELEPHONES as being recovered from DAVIS at the time of his arrest.

      8.    Based on my training, experience and discussions with other law

enforcement officers, I understand that individuals involved in conspiracies to distribute and

possess with intent to distribute narcotics and who use firearms in connection with drug

trafficking crimes, often do not act alone and often communicate with co-conspirators by

means of cellular telephones such as the SUBJECT TELEPHONES.  Such persons

commonly maintain records that reflect names, addresses, or telephone numbers of their

associates in their cellular telephones.  They also commonly maintain records of

communications such as call logs, chats and text messages in their cellular telephones.  They

commonly take photographs of themselves, their associates, or their property using their

cellular telephones.  These individuals usually maintain these records of communication and

photographs in their possession and in their cellular telephones.

## TECHNICAL TERMS

9.     As used herein, the following terms have the following meanings:

10.     Wireless telephone (or mobile or cellular telephone):  A handheld wireless device used for voice and data communication through radio signals.  These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones.  A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone.  In addition to enabling voice communications, wireless telephones offer a broad range of capabilities.  These capabilities include:  storing names and phone numbers in electronic "address books;" sending, receiving and storing text messages and email; taking, sending, receiving and storing still photographs and video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet.  Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device, and a wide variety of applications, also known as "apps," which may store the user's preferences and other data.  Such apps may include Facebook, Twitter, and other social media services.

11.     Based on my research, I understand that the SUBJECT TELEPHONES provide not only phone and text message services, but can also be used to send and receive emails; access the Internet; track GPS data; take, store and share photographs and videos; and use a wide variety of apps.  In my training and experience, examining data stored on devices

6

of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the SUBJECT TELEPHONES.

TECHNICAL BACKGROUND

12.     As further described in Attachments D through F, this application seeks permission to locate not only data that might serve as direct evidence of the crimes described on the warrants, but also for forensic electronic evidence that establishes how the SUBJECT TELEPHONES were used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence can be recovered from the SUBJECT TELEPHONES because:

a.     Data on an electronic device can provide evidence of a file that was once on the device but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the device that show what tasks and processes were recently active. Web browsers, email programs, and instant messaging/"chat" programs store configuration information on the device that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the device was in use. Electronic devices can record information about the dates files were created and the sequence in which they were created.

b.     Forensic evidence on an electronic device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example,

7

registry information, configuration files, user profiles, email, email address books, instant

messaging or chat logs, photographs, the presence or absence of malware, and

correspondence (and the data associated with the foregoing, such as file creation and last-

accessed dates) may be evidence of who used or controlled the electronic device at a relevant

time.

   c.  A person with appropriate familiarity with how an electronic

device works can, after examining this forensic evidence in its proper context, draw

conclusions about how devices were used, the purpose of their use, who used them, and

when.

   d.  The process of identifying the exact files, blocks, registry

entries, logs, or other forms of forensic evidence on an electronic device that are necessary to

draw an accurate conclusion is a dynamic process.  While it is possible to specify in advance

the records to be sought, such evidence is not always data that can be merely reviewed by a

review team and passed along to investigators.  Whether data stored on an electronic device

is evidence may depend on other information stored on the device and the application of

knowledge about how the device behaves.  Therefore, contextual information necessary to

understand other evidence also falls within the scope of the warrant.

   e.  Further, in finding user attribution evidence, sometimes it is

necessary to establish that a particular thing is not present on an electronic device.  For

example, the presence or absence of counter-forensic programs or anti-virus programs (and

associated data) may be relevant to establishing the user's intent.

13.     Based on the foregoing, and consistent with Rule 41(e)(2)(B) of the Federal Rules of Criminal Procedure, the warrant I am applying for would permit the examination of the SUBJECT TELEPHONES consistent with the warrants.  The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

14.     Because this application seeks only permission to examine the SUBJECT TELEPHONES, which are already in law enforcement's possession, the execution of the warrants does not involve intrusion into a physical location.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrants at any time in the day or night.

## CONCLUSION

15.     Based on the foregoing, there is probable cause to believe that there is located in the SUBJECT TELEPHONES, further described in Attachments A though C, the things described in Attachments D through F, which constitute evidence, fruits and instrumentalities of a conspiracy to distribute and possess with intent to distribute cocaine base and use of firearms in connection with a drug trafficking crime, in violation of Title 21, United States Code, Sections 841(b)(1)(A)(iii) and 846, and Title 18, United States Code, Section 924(c)(1)(A)(i), respectively.  Accordingly, the Court should issue the requested warrants.

16.     WHEREFORE, your deponent respectfully requests that search warrants be issued for the PREMISES KNOWN AND DESCRIBED AS: A BLACK APPLE

I-PHONE WITH CLEAR PLASTIC COVER ; A SILVER APPLE I-PHONE WITH GOLD

NEO HYBRID COVER, FCC ID #: BCG-E2642AIC:579C-E2642B ; AND A BLACK

VERIZON SAMSUNG FLIP PHONE, FCC ID # A3LSMB311V.

Dated: Central Islip, New York
     June \_\_\_, 2018

MICHELLE R. GROFF
Special Agent
FBI

Sworn to before me this
_____ day of June, 2018

THE HONORABLE GARY R. BROWN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

## ATTACHMENT A

### Property To Be Searched

The property to be searched is a BLACK APPLE I-PHONE WITH CLEAR PLASTIC COVER ("DEVICE #1") seized on or about June 19, 2018, from a white Maserati, bearing New York State license plate number "JAG7880," in Riverhead, New York.  The warrant authorizes the forensic examination of DEVICE #1 for the purpose of identifying the electronically stored information described in Attachment D.

## ATTACHMENT B

### Property To Be Searched


The property to be searched is a SILVER APPLE I-PHONE WITH GOLD NEO HYBRID COVER, FCC ID #: BCG-E2642AIC:579C-E2642B ("DEVICE #2"), seized on or about June 19, 2018, from a white Maserati, bearing New York State license plate number "JAG7880," in Riverhead, New York.  The warrant authorizes the forensic examination of DEVICE #2 for the purpose of identifying the electronically stored information described in Attachment E.

## ATTACHMENT C

### Property To Be Searched

The property to be searched is a BLACK VERIZON SAMSUNG FLIP PHONE, FCC ID # A3LSMB311V ("DEVICE #3"), seized on or about June 19, 2018, from a white Maserati, bearing New York State license plate number "JAG7880," in Riverhead, New York. The warrant authorizes the forensic examination of DEVICE #3 for the purpose of identifying the electronically stored information described in Attachment F.

## ATTACHMENT D

### Particular Things To Be Seized

All information obtained from DEVICE #1 will be maintained by the government for the purpose of authentication and any potential discovery obligations in any related prosecution.  The information shall be reviewed by the government only for the purpose of identifying and seizing all information described below that constitutes evidence, fruits, or instrumentalities of a conspiracy to distribute and possess with intent to distribute cocaine base and heroin and use of firearms in connection with drug trafficking crimes, in violation of Title 21, United States Code, Sections 841(b)(1)(A)(i) and 846, and Title 18, United States Code, Section 924(c)(1)(A)(i), respectively, including:

1.      All records and information on DEVICE #1 described in Attachment A, including (a) names and telephone numbers, as well as the contents of all call logs, contact lists, and (b) for the time period January 2013 through June 2018, text messages, emails (including those sent, received, deleted and drafted), instant messages, photographs, videos, social media account activity (including postings and messages), Internet activity (including browser history, web page logs, and search terms entered by the user), and other electronic media constituting evidence, fruits, or instrumentalities of the violations described above.

2.      Evidence of user attribution showing who used or owned DEVICE #1 at the time the things described in this warrant were created, edited, or deleted, such as, for example, logs, phonebooks, saved usernames and passwords, documents, and browsing history;

14

3.      Evidence of software that would allow others to control DEVICE #1, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

4.      Evidence of the lack of such malicious software;

5.      Evidence of the attachment to DEVICE #1 of other storage devices or similar containers for electronic evidence;

6.      Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from DEVICE #1;

7.      Evidence of the times DEVICE #1 were used;

8.      Passwords, encryption keys, and other access devices that may be necessary to access DEVICE #1; and

9.      Contextual information necessary to understand the evidence described in this attachment, all of which constitute evidence, fruits and instrumentalities of the violations described above.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

## ATTACHMENT E

### Particular Things To Be Seized

All information obtained from DEVICE #2 will be maintained by the government for the purpose of authentication and any potential discovery obligations in any related prosecution. The information shall be reviewed by the government only for the purpose of identifying and seizing all information described below that constitutes evidence, fruits, or instrumentalities of a conspiracy to distribute and possess with intent to distribute cocaine base and heroin and use of firearms in connection with drug trafficking crimes, in violation of Title 21, United States Code, Sections 841(b)(1)(A)(i) and 846, and Title 18, United States Code, Section 924(c)(1)(A)(i), respectively, including:

1.    All records and information on DEVICE #2 described in Attachment B, including (a) names and telephone numbers, as well as the contents of all call logs, contact lists, and (b) for the time period January 2013 through June 2018, text messages, emails (including those sent, received, deleted and drafted), instant messages, photographs, videos, social media account activity (including postings and messages), Internet activity (including browser history, web page logs, and search terms entered by the user), and other electronic media constituting evidence, fruits, or instrumentalities of the violations described above.

2.    Evidence of user attribution showing who used or owned DEVICE #2 at the time the things described in this warrant were created, edited, or deleted, such as, for example, logs, phonebooks, saved usernames and passwords, documents, and browsing history;

16

3.       Evidence of software that would allow others to control DEVICE #2 such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

4.       Evidence of the lack of such malicious software;

5.       Evidence of the attachment to DEVICE #2 of other storage devices or similar containers for electronic evidence;

6.       Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from DEVICE #2;

7.       Evidence of the times DEVICE #2 were used;

8.       Passwords, encryption keys, and other access devices that may be necessary to access DEVICE #2; and

9.       Contextual information necessary to understand the evidence described in this attachment, all of which constitute evidence, fruits and instrumentalities of the violations described above.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

## ATTACHMENT F

### Particular Things To Be Seized

All information obtained from DEVICE #3 will be maintained by the government for the purpose of authentication and any potential discovery obligations in any related prosecution.  The information shall be reviewed by the government only for the purpose of identifying and seizing all information described below that constitutes evidence, fruits, or instrumentalities of a conspiracy to distribute and possess with intent to distribute cocaine base and heoin and use of firearms in connection with a drug trafficking crime, in violation of Title 21, United States Code, Sections 841(b)(1)(A)(i) and 846, and Title 18, United States Code, Section 924(c)(1)(A)(i), respectively, including:

1.      All records and information on DEVICE #3 described in Attachment C, including (a) names and telephone numbers, as well as the contents of all call logs, contact lists, and (b) for the time period January 2013 through June 2018, text messages, emails (including those sent, received, deleted and drafted), instant messages, photographs, videos, social media account activity (including postings and messages), Internet activity (including browser history, web page logs, and search terms entered by the user), and other electronic media constituting evidence, fruits, or instrumentalities of the violations described above.

2.      Evidence of user attribution showing who used or owned DEVICE #3 at the time the things described in this warrant were created, edited, or deleted, such as, for example, logs, phonebooks, saved usernames and passwords, documents, and browsing history;

18

3.      Evidence of software that would allow others to control DEVICE #3, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

4.      Evidence of the lack of such malicious software;

5.      Evidence of the attachment to DEVICE #3 of other storage devices or similar containers for electronic evidence;

6.      Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from DEVICE #3;

7.      Evidence of the times DEVICE #3 were used;

8.      Passwords, encryption keys, and other access devices that may be necessary to access DEVICE #3; and

9.      Contextual information necessary to understand the evidence described in this attachment, all of which constitute evidence, fruits and instrumentalities of the violations described above.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

19

# Exhibit #1

CCC:MEM
F. #2018R01050

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUN 06 2018   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

MARK DAVIS,
also known as "Boots," and

███████████████████████

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - -X

I N D I C T M E N T

**CR  18  285**

Cr. No. _____

(T. 21, U.S.C., §§ 841(a)(1),
841(b)(1)(A)(i), 841(b)(1)(A)(iii),
841(b)(1)(C), 846, 853(a) and 853(p); T.
18, U.S.C., §§ 924(c)(1)(A)(i), 924(d)(1),
2 and 3551 et seq.; T. 28, U.S.C., §
2461(c))

FEUERSTEIN, J.

LINDSAY, M.J.

THE GRAND JURY CHARGES:

## COUNT ONE
### (Narcotics Trafficking Conspiracy)

1.     In or about and between January 2013 and May 2018, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants MARK DAVIS, also known as "Boots," ████████████████████

███████████████████ with others, did knowingly and intentionally conspire to

distribute and possess with intent to distribute one or more controlled substances, which

offense involved (a) a substance containing cocaine base, a Schedule II controlled substance,

and (b) a substance containing heroin, a Schedule I controlled substance, contrary to Title 21,

United States Code, Section 841(a)(1).   The amount of cocaine base and heroin involved in

the conspiracy attributable to each of the defendants as a result of his own conduct, and the

conduct of other coconspirators reasonably foreseeable to him, was (a) 280 grams or more of

a substance containing cocaine base, and (b) one kilogram or more of a substance containing heroin.

(Title 21, United States Code, Sections 846, 841(b)(1)(A)(i) and 841(b)(1)(A)(iii); Title 18, United States Code, Sections 3551 et seq.)

COUNT TWO
(Use of Firearms In Connection with a Drug Trafficking Crime)

2.      In or about and between January 2013 and May 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MARK DAVIS, also known as "Boots," ███████████████████ ███████████████████ with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a drug trafficking crime, to wit: the crime charged in Count One, and did knowingly and intentionally possess such firearms in furtherance of said drug trafficking crime.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et seq.)

COUNT THREE
(Cocaine Base Distribution)

3.      On or about February 13, 2018, within the Eastern District of New York, the defendants MARK DAVIS, also known as "Boots," ███████████████ ███████████████████ with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FOUR
(Cocaine Base Distribution)

4.      On or about February 14, 2018, within the Eastern District of New

York, the defendants MARK DAVIS, also known as "Boots," ██████████████

██████████████████████████ with others, did knowingly and intentionally

distribute and possess with intent to distribute a controlled substance, which offense involved

a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18,

United States Code, Sections 2 and 3551 et seq.)

## COUNT FIVE
(Cocaine Base Distribution)

5.      On or about February 16, 2018, within the Eastern District of New

York, the defendants MARK DAVIS, also known as "Boots," ██████████████

████████████████████████ with others, did knowingly and intentionally

distribute and possess with intent to distribute a controlled substance, which offense involved

a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18,

United States Code, Sections 2 and 3551 et seq.)

## COUNT SIX
(Cocaine Base Distribution)

6.      On or about February 21, 2018, within the Eastern District of New

York, the defendants MARK DAVIS, also known as "Boots," ██████████████

██████████████████████████ with others, did knowingly and intentionally

distribute and possess with intent to distribute a controlled substance, which offense involved

a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18,

United States Code, Sections 2 and 3551 et seq.)

<u>COUNT SEVEN</u>
(Cocaine Base Distribution)

7.      On or about March 9, 2018, within the Eastern District of New York,

the defendants MARK DAVIS, also known as "Boots," ███████████████████

██████████████████████████ with others, did knowingly and intentionally

distribute and possess with intent to distribute a controlled substance, which offense involved

a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18,

United States Code, Sections 2 and 3551 et seq.)

<u>COUNT EIGHT</u>
(Cocaine Base Distribution)

8.      On or about March 20, 2018, within the Eastern District of New York,

the defendants MARK DAVIS, also known as "Boots," ███████████████████

██████████████████████████ did knowingly and intentionally

distribute and possess with intent to distribute a controlled substance, which offense involved

a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18,

United States Code, Sections 2 and 3551 et seq.)

## COUNT NINE
### (Cocaine Base Distribution)

9.      On or about March 29, 2018, within the Eastern District of New York,

the defendants MARK DAVIS, also known as "Boots," ███████████████

██████████████████████ with others, did knowingly and intentionally

distribute and possess with intent to distribute a controlled substance, which offense involved

a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18,

United States Code, Sections 2 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION AS TO
### COUNTS ONE AND THREE THROUGH NINE

10.      The United States hereby gives notice to the defendants that, upon their

conviction of any of the offenses charged in Counts One and Three through Nine, the

government will seek forfeiture in accordance with Title 21, United States Code, Section

853(a), which requires any person convicted of such offenses to forfeit: (a) any property

constituting or derived from any proceeds obtained, directly or indirectly, as the result of

such offenses; and (b) any property used or intended to be used, in any manner or part, to

commit, or to facilitate the commission of, such offenses.

11.      If any of the above-described forfeitable property, as a result of any act

or omission of the defendants:

> (a)      cannot be located upon the exercise of due diligence;
>
> (b)      has been transferred or sold to, or deposited with, a third party;
>
> (c)      has been placed beyond the jurisdiction of the court;
>
> (d)      has been substantially diminished in value; or

(e)      has been commingled with other property, which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO

12.      The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924.

13.      If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property, which cannot be divided without difficulty;

7

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Sections 853(a) and 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF NEW YORK

### CRIMINAL DIVISION

### THE UNITED STATES OF AMERICA

*vs.*

### MARK DAVIS, also known as "Boots," and

███████████████                        ████████

███      ████████

Defendant.

## INDICTMENT

(T. 21, U.S.C., §§ 841(a)(1), 841(b)(1)(A)(i), 841(b)(1)(A)(iii),
841(b)(1)(C), 846, 853(a) and 853(p); T. 18, U.S.C., §§ 924(c)(1)(A)(i),
924(d)(1), 2 and 3551 et seq.; T. 28, U.S.C., § 2461(c))

*A true bill.*

_____ Caitlin Ragione _____

*Foreperson*

*Filed in open court this* _____ *day.*

*of* _____ *A.D. 20* _____

_____ *Clerk*

*Bail, $* _____

*AUSA Mark E. Misorek, 631-715-7874*

# Exhibit #2

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. **C R   18   285** |
| MARK DAVIS, | ) | |
| also known as "Boots," | ) | FEUERSTEIN, J. |
| | ) | |
| | ) | LINDSAY, M.J. |
| _Defendant_ | ) | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
_(name of person to be arrested)_     MARK DAVIS, also known as "Boots,"                                        ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment     ☐ Superseding Indictment     ☑ Information     ☐ Superseding Information     ☐ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

Narcotics Trafficking Conspiracy contrary to Title 21, United States Code, Section 841(a)(1); Use of Firearms In
Connection with a Drug Trafficking Crime contrary to Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et
seq.; and Cocaine Base Distribution contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title
18, United States Code, Sections 2 and 3551 et seq.;

Date:     06/06/2018

                                                    _Issuing officer's signature_

City and state:     Central Islip, New York                    The Honorable Gary R. BRown
                                                    _Printed name and title_

| Return |
|---|
| This warrant was received on _(date)_ _____ , and the person was arrested on _(date)_ _____ at _(city and state)_ _____ . |
| Date: _____               _____<br>_Arresting officer's signature_ |
| _____<br>_Printed name and title_ |